# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1236V
Filed: July 12, 2021
UNPUBLISHED

| | |
|---|---|
| FERNANDA DOXZON,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Special Master Horner<br><br>Petitioner's Motion for Decision Dismissing Petition; Influenza (flu) vaccine; Guillain-Barre Syndrome (GBS); Neuromyelitis Optica (NMO); Significant Aggravation |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for petitioner.
*Lara Ann Englund*, U.S. Department of Justice, Washington, DC, for respondent.

### **DECISION**[1]

  On August 19, 2019, petitioner filed a claim under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that she suffered Guillain-Barre Syndrome ("GBS"), significant aggravation of her Neuromyelitis Optica ("NMO"), and neurological injuries as a result of her October 28, 2016 influenza ("flu") vaccination. (ECF No. 1.) On July 15, 2020, respondent filed his Rule 4 report, recommending against compensation. (ECF No. 17.)

  On July 7, 2021, petitioner filed a Motion for a Decision Dismissing her Petition. (ECF No. 30.) Petitioner indicated that "[p]etitioner is unable to retain an expert in order to support causation-in-fact, and will therefore be unable to prove that [she] is entitled to compensation in the Vaccine Program," and that "to proceed further would be unreasonable and would waste the resources of the Court, the respondent and Vaccine Program." (*Id.* at 1.) Petitioner further stated that "[p]etitioner understands that a

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

decision by the Special Master dismissing [her] petition will result in a judgment against [him]. [Petitioner] has been advised that such a judgment will end all of his rights in the Vaccine Program. Petitioner understands that she may apply for costs once his case is dismissed and judgment is entered against her." (*Id*. at 1.)

To receive compensation in the Vaccine Program, petitioner must prove either (1) that she suffered a "Table Injury" – *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or (2) that she suffered an injury that was actually caused by a covered vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). To satisfy the burden of proving causation in fact, petitioner must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005). To demonstrate a significant aggravation of a preexisting condition, petitioner must additionally demonstrate aggravation by showing: (1) her condition prior to the administration of the vaccine, (2) her current condition, and (3) whether her current condition constitutes a "significant aggravation" of the condition prior to the vaccination. *See Loving v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 135, 144 (Fed. Cl. 2009). The Vaccine Act, 42 U.S.C. § 300aa-13(a)(1), prohibits the undersigned from ruling for petitioner based solely on her allegations unsubstantiated by medical records or medical opinion.

Petitioner's medical records do not support her allegations by a preponderance of the evidence and she did not file a medical opinion from an expert in support of her allegations. Accordingly, the undersigned **GRANTS** petitioner's Motion for Decision Dismissing Petition and **DISMISSES** this petition for failure to establish a *prima facie* case of entitlement to compensation.

## CONCLUSION

This case is now **DISMISSED**. The clerk of the court is directed to enter judgment in accordance with this decision.[2]

**IT IS SO ORDERED.**

s/Daniel T. Horner<br>
Daniel T. Horner<br>
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.